RECEIVED MAR X 3 2008 CHAMBERS OF THEODORE H. KATZ U.S. MAGISTRATE JUDGE

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/3/08

28 Millbank Road
Poughkeepsie, NY 12603

March 3, 2008

Via Facsimile: (212) 805-7932

Honorable Theodore H. Katz
United States Magistrate Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1660
New York, New York 10007-1312

Re: <u>James P. Colliton v. Anne Marie Donnelly, et al.</u>, 07 Civ. 1922 (LTS) (THK)

Your Honor:

I am writing in response to Michael S. Morgan's letter request to the Court, dated February 26, 2008, concerning the above-captioned action (the "Letter"). Since I did not receive a copy of the Letter until February 29, 2008, I believe this response complies with the five day response time limit set by Your Honor's Individual Practice 1(A).

In the Letter, Mr. Morgan requests a two-week extension of time to file papers, on behalf of defendants, replying to my memorandum of law in opposition to defendants' motion for an order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing my Complaint for failure to state a claim for relief upon which relief may be granted (the "MOLP"). I filed the MOLP on February 13, 2008, and defendants' reply was due on February 28, 2008.

As an alternative, Mr. Morgan asked that the Court direct me to file an Amended Complaint.

Argument II in the MOLP was that: <u>DEFENDANTS' MOTION TO DISMISS MUST BE DENIED FOR FAILURE TO COMPLY WITH LOCAL RULE 7.1</u> ("R7.1").

Argument III in the MOLP was that: <u>DEFENDANTS' MOTION TO DISMISS MUST BE DENIED FOR FAILURE TO COMPLY WITH JUDGE SWAIN'S INDIVIDUAL RULE 2(B)</u> ("R2(B)").

I request that the Court: (A) render a decision with regard to Arguments II and III; and (B) (1) deny defendants any opportunity to reply to such Arguments, if the Court is not inclined to grant the extension requested by Mr. Morgan, or (2) direct defendants to ONLY reply to such Arguments, if the Court IS inclined to grant such extension.

COPIES MAILED TO COUNSEL OF RECORD ON 3/3/08

I respectfully submit that Request (A) must be granted to ensure that Justice is dispensed. If Mr. Morgan's alternative request, that the Court direct me to file an Amended Complaint, is granted, then a miscarriage of Justice will ensue, relative to Judge Swain, the drafters of the Local Rules and plaintiff. Mr. Morgan will realize a "fresh start" and thereby receive complete absolution for his flagrant and willful violations of R7.1 and R2(B). Consequently, defendants will not suffer ANY adverse consequence relative to such violations. This is not a fair result for Judge Swain, as her objective in crafting R2(B) COULD have been achieved, but instead her Rule was disrespected flagrantly and willfully. This is not a fair result for the drafters of the Local Rules, as defendants will have successfully evaded consideration by the Court of their edict that "willful failure to comply with this rule [R7.1] may be deemed sufficient cause for the denial of a motion." And this is not a fair result for plaintiff, since success relative to EITHER Argument will eliminate the need for plaintiff to respond to what will constitute defendants' THIRD motion to dismiss.

If the Court renders a decision with regard to Arguments II and III, then I request that the Court thereafter grant me 45 days leave to file an Amended Complaint. If the Court agrees with EITHER Argument, then the Court should deny defendants' second motion to dismiss and direct defendants not to file any motion to dismiss relative to the Amended Complaint which is based on, identical to, or similar to the denied motion to dismiss. In this manner, Justice WILL be dispensed, as the will of Judge Swain and the drafters of the Local Rules will be respected, and defendants will suffer a negative consequence as a result of Mr. Morgan's violations.

My Request (B) is that the Court (1) deny defendants any opportunity to reply to such Arguments, if the Court is not inclined to grant the extension requested by Mr. Morgan, or (2) direct defendants to ONLY reply to such Arguments, if the Court IS inclined to grant such extension. I respectfully request that the Court deny defendants ANY opportunity to reply because (i) I filed the MOLP early, so Mr. Morgan already has had additional time to reply, (ii) Mr. Morgan disrespects Your Honor with his request - he had access to the MOLP on February 13, yet he only wrote to Your Honor on February 26, representing, "Given all this, it is simply impossible for the DA Defendants to meaningfully reply within the previously-established deadline," (iii) if Mr. Morgan read the MOLP prior to February 26, then whatever "all this" is would have been apparent on such prior date, and he would have been capable of concluding that his task was "simply impossible" on such prior date - the fact that he wrote to Your Honor on February 26 appears to signify that Mr. Morgan did not even read through the MOLP until such late date, and (iv) the Court should not reward Mr. Morgan for his egregious procrastination - such procrastination is unprofessional, disrespects Your Honor and delays Justice for plaintiff. Defendants forced me into a plea arrangement in my criminal case by first violating Supreme Court Justice orders to afford me protective custody, resulting in continuous attacks on my life, and then delaying, delaying, delaying so that I could not have anything within a million years of a speedy trial (thus forcing me to plea guilty or be murdered). Now defendants clearly envision a THIRD motion to dismiss and will pursue every possible delay

they can think of. Please do not permit defendants to top off their criminal miscarriage of Justice with a civil one - Justice delayed is Justice denied.

If, however, the Court is NOT inclined to grant my above Requests, then I believe that Mr. Morgan's alternative, that the Court direct me to file an Amended Complaint, is preferable to granting Mr. Morgan two weeks to reply to the ENTIRE MOLP. In such event, I request that the Court grant me 45 days to file an Amended Complaint. I agree with Mr. Morgan that the Court should then grant defendants 30 days from such Amended Complaint filing deadline to either answer or file their THIRD motion to dismiss. If the THIRD motion is filed, then I agree with Mr. Morgan that I should then be afforded 30 to respond with my new MOLP, and then he would have 15 days to file his reply, if any.

I very much appreciate the Court's consideration of my Requests.

                                          Best Regards,

**MEMO ENDORSED**

                                      *James Colliton*
                                      James Colliton
                                      Plaintiff Pro Se
                                      (845) 518-0754

Copy to: Michael S. Morgan, Esq. (**Via Facsimile:** (212) 335-9288)

---

*[Handwritten endorsement:]*

Defendants' motion to dismiss will not be denied for the reasons set forth in Plaintiff's letter and in Points II and III of his memorandum of law. This Court set the schedule for briefing the motion to dismiss, as the motion to dismiss was referred to this Court for a Report & Recommendation. Thus, Judge Swain's individual rules did not apply.

Plaintiff's reliance on Local Rule 7.1 is misplaced and hypertechnical.

In light of Plaintiff's intention to file an Amended Complaint, the Motion to Dismiss the Complaint (Docket Entry 32) is denied as moot.

Plaintiff's Amended Complaint shall be filed by April 7, 2008. The response to the Amended Complaint shall be filed by May 7, 2008. The response to the motion shall be filed by June 6, 2008. Any reply shall be filed by June 16, 2008.

                                      So ordered.
                                      Theodore H. Katz
3/3/08                              USMJ