```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JAMES P. COLLITON,

                Plaintiff,              (PRO SE)

        -against-                       07 Civ. 1922 (LTS)(THK)


ANN MARIE DONNELLY, RACHEL LAUREN
HOCHHAUSER, and ROBERT M. MORGENTHAU,
                                        MEMORANDUM OPINION AND
                                                ORDER


                Defendants.
------------------------------------X
```

**Theodore H. Katz, United States Magistrate Judge.**

In this action, Plaintiff James P. Colliton ("Plaintiff" or "Colliton") claims that Defendants — two Assistant District Attorneys and the District Attorney of New York County — maliciously and in bad faith engaged in various acts, while investigating and prosecuting an action against him, that "pressured" him to plead guilty to certain criminal charges and harmed him in a plethora of other ways.

The original Complaint was filed while Plaintiff was incarcerated and awaiting disposition of the criminal charges brought against him. The action was stayed until Plaintiff entered his guilty plea and the state criminal proceedings were completed. After Plaintiff was released from custody, the parties appeared at a pretrial conference, at which Plaintiff agreed to withdraw two of the claims in his Complaint and a schedule was set for the submission of a motion to dismiss. (See Order, dated Nov. 27,

2007.)  After the motion to dismiss was filed, Plaintiff submitted a response to the motion, in which he agreed to withdraw two additional claims in the Complaint, thus leaving five claims remaining.  (See Memorandum of Law Opposing Defendants' Motion to Dismiss, at 1-3.)  In his response to the motion, Plaintiff also sought leave to either amend the Complaint or to have the Court consider supplemental facts set forth in his opposition to the motion, that related to events occurring subsequent to the filing of the Complaint — specifically, the fact that he was allegedly coerced into pleading guilty, in large part, because of the same wrongful act committed by Defendants that formed the basis of the original Complaint. (See id. at 3-5.)  The Court granted Plaintiff leave to file an amended complaint, denied the pending motion to dismiss as moot, and set a schedule for the briefing of yet another motion to dismiss. (See Memorandum Endorsed Order, dated Mar. 3, 2008.)

On April 7, 2008, Plaintiff filed an Amended Complaint.  In lieu of the original five claim, nine-page Complaint, the Amended Complaint spans 281 pages and includes twenty-eight claims. Defendants have requested that the Court either strike or dismiss the Amended Complaint, either with or without prejudice, because it fails to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, is largely unintelligible, and is a form of harassment. (See Letter to the Court from Michael S. Morgan

Esq., dated Apr. 24, 2008.) Plaintiff opposes the application. (See Letter from James P. Colliton, dated Apr. 29, 2008.)

## DISCUSSION

Rule 8 provides in relevant part that a complaint "must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule further provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). As the Second Circuit has observed:

> The statement should be plain because the principal function of the pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.

Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (internal quotation marks and citations omitted); see also Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). "The key to Rule 8(a)'s requirements is whether adequate notice is given." Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004). Thus,

> When a complaint does not comply with the requirement that it be short and plain, the court has the power . . . to strike any portions that are redundant or immaterial . . . or to dismiss the complaint. Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.

Salahuddin, 861 F.2d at 42.

3

In <u>Salahuddin</u>, in affirming the dismissal of the complaint, the Second Circuit observed that the "complaint fails to comply with Rule 8's 'short and plain statement' requirement. It spans 15 single-spaced pages and contains explicit descriptions of 20-odd defendants, their official positions, and their roles in the alleged denials of Salahuddin's rights; it contains a surfeit of detail." <u>Id.</u> at 43. Plaintiff's Amended Complaint makes the <u>Salahuddin</u> complaint look like a model of brevity. It contains argument, disclaimers, and an extraordinary amount of unnecessary repetition. Even the most complex cases that this Court has presided over have been pled in a fraction of the space consumed by Plaintiff's Amended Complaint.

Moreover, quite unlike the typical <u>pro se</u> plaintiff who lacks legal training — Plaintiff had been a practicing attorney at several of the most prestigious law firms in the country. There is simply no excuse for his burdening the Court and Defendants with a rambling diatribe rather than a concise, plain statement of his claims.

Accordingly, **the Amended Complaint is dismissed without prejudice to filing a Second Amended Complaint, which shall not exceed twenty-five, double-spaced pages.** The Second Amended Complaint shall be filed by no later than May 16, 2008. An Answer or motion to dismiss shall be filed by June 16, 2008. The response to the motion shall be filed by July 18, 2008. Any reply shall be

filed by July 30, 2008.

    So Ordered.

                                            THEODORE H. KATZ
                                    UNITED STATES MAGISTRATE JUDGE

Dated: April 30, 2008
       New York, New York