USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 0 5 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES P. COLLITON,

Plaintiff,

-against-

ANNE MARIE DONNELLY, et al.,

Defendants.

No. 07 Civ. 1922 (LTS) (THK)

**ORDER**

Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff James P. Colliton ("Plaintiff") filed objections to Magistrate Judge Katz's April 30, 2008, Memorandum Opinion and Order in which Judge Katz dismissed Plaintiff's Amended Complaint without prejudice to the filing of a Second Amended Complaint, not to exceed twenty-five, double-spaced pages.

If a party timely objects to a magistrate judge's order regarding non-dispositive matters, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also, 28 U.S.C.A. § 636(b)(1)(A) (West 2002) (the "judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). The magistrate judge's findings may be considered "clearly erroneous" where "'on the entire evidence,' the [district court] is 'left with the definite and firm conviction that a mistake has been committed.'" Easley v. Cromartie, 532 U.S. 234, 243 (2001) (quoting United States v. United States Gypsum

Co., 333 U.S. 364, 395 (1948)). Further, since this standard of review is "highly deferential[,] . . . magistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." Derthick v. Bassett-Walker, Inc., Nos. 90 Civ. 5427(JMC), 90 Civ. 7479(JMC), & 90 Civ. 3845(JMC), 1992 WL 249951, at *8 (S.D.N.Y. Sept. 23, 1992).

The Court has considered thoroughly Plaintiff's objections to Judge Katz's April 30, 2008, Memorandum Opinion and Order. Judge Katz, who has authority over this case for all non-dispositive, general pre-trial matters, conducted a thorough and well-reasoned analysis pursuant to Federal Rule of Civil Procedure 8. Judge Katz's determination was neither clearly erroneous nor contrary to law. Plaintiff must limit the Second Amended Complaint to truly pertinent information and comply strictly with Rule 8's mandate that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

To the extent that Judge Katz acts on a dispositive motion in this matter, he will issue a Report and Recommendation to the undersigned. In such case, Plaintiff will have the opportunity to make objections, and to the extent those objections are specific and clear, the Court will review the disputed matter de novo.[1] To the extent Plaintiff contends in the future that the page limit imposed by Judge Katz impairs Plaintiff's ability to defeat a motion to dismiss the Second Amended Complaint, he will have an opportunity to address the matter to the

---

1 To the extent Plaintiff objects to Judge Katz's pre-trial authority in this case, the objection is overruled. Plaintiff need not consent to Judge Katz's pre-trial supervision nor his authority to issue a Report and Recommendation with respect to a dispositive matter. The scope of the reference to Judge Katz as to these matters rests in the sole discretion of the Court.

undersigned in a timely objection to any recommendation for dismissal of his claim(s) on the merits.

Accordingly, Plaintiff's Rule 72(a) objections are overruled. As stated in Judge Katz's Order, Plaintiff's Second Amended Complaint, which shall not exceed twenty-five, double-spaced pages, shall be filed by May 16, 2008. Any request for an extension of this deadline shall be directed to Judge Katz.

SO ORDERED.

Dated: New York, New York
May 5, 2008

LAURA TAYLOR SWAIN
United States District Judge