

28 Millbank Road
Poughkeepsie, NY 12603

July 17, 2008

<u>James P. Colliton v. Ann Marie Donnelly, et al.,</u>
<u>No. 07 Civ. 1922 (LTS) (THK)</u>

Dear Judge Swain:                              

    I am representing myself *pro se*.

    On July 15, 2008, I wrote to Judge Katz, pointing out:  (1) my Second Amended Complaint was filed on May 16, 2008 (Docket Sheet Entry No. 41); (2) defendants' deadline for responding to my Second Amended Complaint was originally June 16, 2008 (Docket Sheet Entry No. 36); (3) in defendants' June 10, 2008, letter to Judge Katz, Mr. Morgan requested a 30-day extension of time (until July 16, 2008), and the ability to submit 40 pages (instead of 25); (4) in such letter, Mr. Morgan added:  "Of course, the DA Defendants will have no objection should plaintiff seek a similar extension in responding to the DA Defendants' motion to dismiss;" (5) Judge Katz granted Mr. Morgan's requests (Docket Sheet Entry No. 42); (6) in a July 8, 2008, letter to Judge Katz, Mr. Morgan requested yet another extension, until July 23, 2008; and (7) Judge Katz granted Mr. Morgan's further request (Docket Sheet Entry No. 43).

    Accordingly, Mr. Morgan will have the benefit of taking 67 days to respond to my Second Amended Complaint (May 16, 2008, through July 23, 2008).  Consequently, in my July 15, 2008, letter to Judge Katz, I requested 67 days to respond to Mr. Morgan's motion to dismiss, until September 30, 2008.  As noted above, Mr. Morgan had already

1

stated that he did not object to my request. Nevertheless, Judge Katz denied my request (Docket Sheet Entry No. 44), and ordered me, on July 17, 2008, to respond by September 15, 2008.

As Your Honor knows, on April 30, 2008 (Docket Entry No. 36), Judge Katz issued a Memorandum Opinion and Order dismissing my Amended Complaint (Docket Entry No. 35) "without prejudice to filing a Second Amended Complaint [prior to May 17, 2008], which shall not exceed twenty-five, double-spaced pages." Accordingly, Judge Katz has afforded me merely 25 pages to allege facts showing approximately 53 different actions supporting 25 different claims. Nevertheless, while confining me to 25 pages, Judge Katz authorized Mr. Morgan 40 pages to respond to my 25 pages.

Now Judge Katz affords Mr. Morgan 67 days to reply, but orders me to reply in 52 days.

Pursuant to Federal Rule of Civil Procedure 72(a), I object to Judge Katz's July 17, 2008, order, denying me 67 days to reply, and request that Your Honor modify or set it aside.

Such order is clearly erroneous and contrary to law because:

I. The order is punitive and exhibits bias. It constitutes merely a portion of a pattern of bias. For example:

(A) In James Colliton v. Michael S. Morgan, Joseph Cardieri and Raymond Kelly, 07 Civ. 8269 (LTS) (THK), I submitted a 15 page Amended Complaint. On April 30, 2008 (Docket Entry No. 12), Judge Katz granted the request of Alan Gadlin, the attorney for Mr. Morgan relative to such action, to submit a 35 page motion to dismiss my 15

page Amended Complaint. The order was in response to a request by Mr. Morgan, the attorney for defendants in 07 Civ. 1922. I respectfully submit that by ordering me to state 53 different actions supporting 25 different claims on 25 pages in response to a request by Mr. Morgan (the attorney), while on the same day granting Mr. Morgan (the party) 35 pages to respond to my 15 page complaint, Judge Katz has exhibited a punitive bias against me and a favorable bias toward Mr. Morgan.

(B) As noted above, while confining me to 25 pages for my complaint in this action, Judge Katz authorized Mr. Morgan 40 pages to respond to my 25 page complaint.

(C) As noted above, Judge Katz has granted every extension request made by Mr. Morgan, affording him a total of 67 days, while limiting me to 52 days.

(D) Judge Katz takes such action, even though Mr. Morgan already stated that he did not object to Judge Katz affording me the same 67 days.

II. The order is contrary to law. This Court routinely affords the parties to a motion to dismiss the SAME NUMBER OF DAYS to file their briefs.

III. The order is arbitrary and capricious. Judge Katz denied my request even though Mr. Morgan never objected, and even though he GRANTED EVERY REQUEST FOR EXTENSIONS MADE BY MR. MORGAN.

IV. The order is clearly erroneous based on a rough review of comparables. Judge Katz routinely affords parties IDENTICAL deadlines.

Respectfully,

*James P. Colliton*

James P. Colliton

The Honorable Laura Taylor Swain
   United States District Judge
    United States District Court
      Southern District of New York
       United States Courthouse
        500 Pearl Street
          New York, New York 10007-1312

VIA FACSIMILE (212) 805-0426

Copies to:

The Honorable Theodore H. Katz
   United States Magistrate Judge
    United States District Court
      Southern District of New York
       United States Courthouse
        500 Pearl Street
          New York, New York 10007-1312

VIA FACSIMILE (212) 805-7932

District Attorney of the County of New York
   One Hogan Place
    New York, New York 10013
      Attn: Michael S. Morgan, Esq.

VIA FACSIMILE (212) 335-9288

The request that the Court Modify or set aside Judge Katz's order setting a deadline for opposition papers is *denied*. The Matter is one well within Judge Katz's discretion and the order is not clearly erroneous, contrary to law or indicative of bias.

SO ORDERED.

LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

4