UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JAMES P. COLLITON,                    :
                                      :
                Plaintiff,            :          PRO SE
                                      :
        -against-                     :    07 Civ. 1922 (LTS)(THK)
                                      :
                                      :
ANN MARIE DONNELLY, RACHEL LAUREN     :
HOCHHAUSER, and ROBERT M. MORGENTHAU, :      MEMORANDUM OPINION
                                      :          AND ORDER
                                      :
                                      :
                Defendants.           :
------------------------------------X

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

Plaintiff James Patrick Colliton, proceeding pro se, brings this civil rights action against the assistant district attorneys involved in Plaintiff's criminal prosecution — Robert M. Morgenthau ("Morgenthau"), District Attorney ("DA") for New York County, Ann Marie Donnelly ("Donnelly"), Assistant District Attorney for New York County ("ADA"), and Rachel Lauren Hochhauser ("Hochhauser"), Assistant District Attorney for New York County (collectively "Defendants"). Defendants filed a motion to dismiss all claims against them, which this Court recommended be granted on March 16, 2009.

Presently before the Court is Plaintiff's motion for sanctions pursuant to Federal Rule of Civil Procedure 11(b) ("Rule 11"), based on Plaintiff's assertion that Defendants' counsel, Michael Morgan ("Morgan"), misrepresented legal authority in the memorandum

-1-

COPIES MAILED
TO COUNSEL OF RECORD ON 3/27/09

of law in support of the motion to dismiss.  (<u>See</u> Memorandum of Law in Support of the Defendants' Motion to Dismiss the Second Amended Complaint ("Defs.' Mem."); Plaintiff's Memorandum in Support of Plaintiff's Motion for Sanctions Pursuant to Rule 11 ("Pl.'s Mem."), at 1.)

For the reasons set forth below, Plaintiff's motion is denied.

<b>DISCUSSION</b>

I.  <u>Legal Standard</u>

Under Rule 11(b), a party presenting the court with a pleading certifies, among other things, that:

> (1) it is not being presented for any improper purpose, such as to harass or to cause . . . needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or the establishment of new law . . . [and] (3) the allegations and other factual contentions have evidentiary support.

Fed. R. Civ. P. 11(b).   When determining whether a Rule 11 violation has occurred, courts should use an objective standard of reasonableness. <u>See</u> <u>Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.</u>, 186 F.3d 157, 166 (2d Cir. 1999). Nevertheless, "the extent to which a litigant has researched the issues and found some support for its theories even in minority opinions, in law review articles, or through consultation with other attorneys should certainly be taken into account." <u>Id.</u>

-2-

The Supreme Court has noted that Rule 11 "must be read in light of concerns that it will . . . chill vigorous advocacy." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S. Ct. 2447 (1990). Therefore, "[w]hen divining the point at which an argument turns from merely losing to losing and sanctionable" courts must "resolve all doubts in favor of the signer of the pleading." Rodick v. City of Schenectady, 1 F.3d 1341, 1350 (2d Cir. 1993). "Sanctions under Rule 11 are inappropriate when there are different interpretations of the law or when contrary controlling authority is not obvious." 2 James Wm. Moore et al., Moore's Federal Practice, § 11.11 (3d ed. 2008). Moreover, "the principal objective of the imposition of Rule 11 sanctions is not compensation of the victimized party but rather the deterrence of baseless findings and the curbing of abuses." Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc., 28 F.3d 259, 266 (2d Cir. 1994) (quoting Healey v. Chelsea Res., Ltd., 947 F.2d 611, 626 (2d Cir. 1991)).

If a court determines that Rule 11 has been violated, it may impose sanctions on attorneys, law firms, or parties. See Fed. R. Civ. P. 11(c). "The court has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition by the offending person or comparable conduct by similarly situated persons." Rule 11 Advisory Committee Note. If warranted, courts

-3-

may impose a fine or penalty paid to the court, an award of reasonable expenses and attorney's fees incurred as a result of misconduct, an order precluding certain evidence, or dismissal of the case.   See Abdelhamid v. Altria Group, Inc., 515 F. Supp. 2d 384, 392 (S.D.N.Y. 2007) (citing Gregory P. Joseph, Sanctions: The Federal Law of Litigation Abuse § 16(b)(3) (3d ed. 2000)).)

## II.   Application to Plaintiff's Motion

Plaintiff argues that Mr. Morgan violated Federal Rule of Civil Procedure 11 by relying upon three cases which do not stand for the propositions for which they were cited. (See Pl.'s Mem. at 2-6.)

First, Plaintiff argues that Morgan "violate[d] Rule 11(b)(2) by representing to the Court that the Court may dismiss numerous . . . claims based solely upon the . . . Supreme Court's holding" in Denton v. Hernandez, 504 U.S. 25, 112 S. Ct. 1728 (1992). (Pl.'s Mem. at 2-3.)   Morgan cited Denton for the proposition that the Court need not accept "allegations that are 'fanciful,' 'fantastic,' or 'delusional'" even when considering a Rule 12(b)(6) motion.   Denton, 504 U.S. at 33, 112 S. Ct. 1728.   (See Defs.' Mem. at 10.)   Morgan further argued that Plaintiff's bribery allegation against Defendants is "simply too 'fanciful,' 'fantastic,' and 'delusional' to accept." (Defs.' Mem. at 29.)   Morgan cited to Denton a third time when arguing that Plaintiff's contention that Defendants enlisted three inmates essentially to take out a "hit" on him, "is precisely the type of 'fanciful,' 'fantastic,' and

-4-

'delusional' allegation that the Court need not credit, even on a motion to dismiss." (Id. at 34.)

Plaintiff claims that the holding in Denton is confined to in forma pauperis complaints, that Morgan was aware Plaintiff is not proceeding in forma pauperis, and that the standard set forth in Denton does not apply to Defendants' motion to dismiss. (See Pl.'s Mem. at 2-3.) See also Denton, 504 U.S. at 32, 112 S. Ct. 1728; 28 U.S.C. § 1915(e). As an initial matter, Morgan implicitly acknowledged that the Denton decision arose in a different context, since, in citing Denton, he stated, for example, "even under the standards applicable to a Rule 12(b)(6) motion, the Court would not be required to accept as true" clearly fantastical allegations. (Defs.' Mem. at 10 n.4, 34.) Moreover, as Defendants point out, the Second Circuit itself has cited Denton when affirming a Rule 12(b)(6) dismissal. See, e.g., Mecca v. U.S. Gov't, 232 Fed. Appx. 66, 66-67 (2d Cir. 2007) (unpublished summary order); cf. Pillay v. Immigration and Naturalization Serv., 45 F.3d 14, 15 (2d Cir. 1995) (citing Denton and concluding that courts may sua sponte dismiss frivolous appeals containing fanciful factual allegations, even where the plaintiff is not proceeding in forma pauperis). And, the principle set forth in Denton has been applied in cases where the filing fee was paid, although Denton itself was not cited as authority. See Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) ("we hold that district courts

may dismiss a frivolous complaint sua sponte even when the
plaintiff has paid the required filing fee"); McCracken v. Natale,
No. 04 Civ. 5456, 2008 WL 5274317 (E.D.N.Y. Dec. 17, 2008)
(dismissing complaint containing numerous "fantastical allegations"
as frivolous).    Thus, Morgan's citation to Denton does not
constitute the type of frivolous legal position Rule 11 was meant
to protect against.    See Pierce v. F.R. Tripler & Co., 955 F.2d
820, (2d Cir. 1992) ("[T]o constitute a frivolous legal position
for purposes of Rule 11 sanction[s], it must be clear . . . that
there is no chance of success . . . ."); Moreno, 910 F.2d at 1047
(when granting Rule 11 sanctions "it must be clear under existing
precedents that there . . . [is] no reasonable argument to extend,
modify or reserve the law as it stands").

     Plaintiff next contends that Morgan violated "Rule 11(b)(2) by
representing to the Court that" Harbulak v. County of Suffolk, 654
F.2d 194 (2d Cir. 1981), "prevents [him] from claiming special
consideration" as a pro se litigant.    (Pl.'s Mem. at 5.)    Morgan
argued in a footnote that because "[P]laintiff has been trained as
a 'lawyer, . . . he cannot claim the special consideration which
the courts customarily grant pro se parties.'" (Defs.' Mem. at 11
n.5 (citing Harbulak, 654 F.2d at 198).)    Plaintiff claims the
"dispositive facts" in Harbulak are that Harbulak was a "practicing
lawyer who had the means and the knowledge, or at least the ability
to obtain the knowledge," to recognize he was raising a baseless

-6-

claim.   (Pl.'s Mem. at 5 (quoting Harbulak, 654 F.2d at 198).)
Whether Plaintiff was an attorney with the means and knowledge to
recognize he was raising a baseless claim is a matter of opinion
and, therefore, Morgan's argument was not frivolous.   See Cooter &
Gell, 496 U.S. at 393, 110 S. Ct. 2447 (Rule 11 was not meant to
"chill vigorous advocacy"); see also Salovaara v. Eckert, 222 F.3d
19, 34 (2d Cir. 2000) (where the interpretation of case law is not
"untenable as a matter of law" it will not necessitate sanctions).

       Finally, Plaintiff contends that Morgan violated "Rule
11(b)(2) by representing to the Court that the Court may dismiss
numerous . . . claims based solely upon the . . . Supreme Court's
holding" in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.
Ct. 1955 (2007).   (Pl.'s Mem. at 6.)   Morgan cited Twombly in
arguing that Plaintiff "must do more than offer 'a formulaic
recitation of the elements of a cause of action'; rather, he must
advance sufficient factual allegations that, taken as true, are
'enough to raise a right to relief above the speculative level.'"
(Defs.' Mem. at 10 (citing Twombly, 550 U.S. 544, —, 127 S. Ct.
1955, 1965).)   He further argued that Plaintiff's "pleadings must
contain enough facts to 'nudge[] [his] claim[] across the line from
conceivable to plausible.'" (Id. at 34 (citing Twombly, 550 U.S.
544, —, 127 S. Ct. at 1974).)   Morgan then stated that "[t]he idea
that the DA Defendants essentially took out a 'hit' on plaintiff is

-7-

not merely implausible, it is totally inconceivable."  (<u>Id.</u>) (emphasis added).

Plaintiff claims that Morgan's use of the word "idea" misconstrues the Supreme Court's holding in <u>Twombly</u>.  He argues that the Court's holding was limited to implausible "claims," and does not apply to implausible factual allegations.  (<u>See</u> Pl.'s Mem. at 6-7.)

Through semantical parsing, Plaintiff attempts to transform an attorney's legitimate advocacy into sanctionable conduct.  Whether the "idea" that Defendants conspired to have Plaintiff murdered is viewed as a "fact" or a "claim," Morgan had the right to contend that it was implausible.  Moreover, as Defendants note, this "is a distinction without a difference" since claims are supported by factual allegations.   The Court in <u>Twombly</u> was discussing the sufficiency of the facts pleaded in a complaint to support a legal claim.  <u>See</u> <u>Twombly</u>, 550 U.S. 544, —, 127 S. Ct. 1955, 1974 ("Here, in contrast, we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.  Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

Unlike the instant motion, Morgan's arguments were neither unfounded nor frivolous, and are not the type of conduct Rule 11

-8-

was meant to address.  To the contrary, this Court recommended that
Defendants' motion to dismiss be granted.

    Plaintiff's motion for Rule 11 sanctions is denied.


    SO ORDERED.

                                    _____
                                       THEODORE H.  KATZ
                                    UNITED STATES MAGISTRATE JUDGE


Dated: March 27, 2008
       New York, New York

                                    -9-